IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICK DOLLY,<br>312 3rd Avenue<br>Cherry Hill, NJ 08002<br><br>    Plaintiff,<br><br>  v.<br><br>BRIDGESTONE RETAIL OPERATIONS,<br>LLC d/b/a TIRES PLUS,<br>3208 NJ-38<br>Mt Laurel, NJ 08054<br><br>    Defendant. | CIVIL ACTION NO:<br><br>COMPLAINT WITH JURY DEMAND |

**CIVIL ACTION COMPLAINT**

Plaintiff Patrick Dolly ("Plaintiff"), by and through undersigned counsel, hereby complains as follows against Defendant Bridgestone Retail Operations, LLC d/b/a Tires Plus (hereinafter "Defendant").

**INTRODUCTION**

1. Plaintiff has initiated this action to redress Defendant's violations of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), the New Jersey Law Against Discrimination ("NJLAD"), and the New Jersey Common Law.  Defendant fired Plaintiff because Plaintiff requested and took a USERRA-qualifying leave of absence and/or because of Plaintiff's membership in the Air Force.

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, specifically 38 U.S.C. §§ 4301 *et seq*.

1

3. This Court has supplemental jurisdiction over Plaintiff's state law claims because they are supplemental to Plaintiff's underlying federal claims and arise out of the same transaction or occurrence(s), having the same common nucleus of operative facts pursuant to 28 U.S.C. § 1367(a).

4. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

5. Pursuant to 28 U.S.C. §§ 1397(b)(1) and (b)(2), venue is properly laid in this judicial district because all the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Plaintiff is an adult individual with an address as set forth in the caption.

8. Defendant is a corporation that does business in New Jersey at the address set forth in the caption.

9. At all times relevant herein, Defendant acted through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein as if set forth in full.

11. At all times relevant hereto, Plaintiff was a senior airman in the Air Force.

12. On or around June 30, 2017, Defendant hired Plaintiff as a Manager of Tire Sales.

13. On or around February 16, 2018, Plaintiff received orders to report to San Antonio, Texas for security forces training from February 24, 2018 to June 1, 2018 (100 days, including 2 travel days).

14. Plaintiff immediately informed Area Manager, Philip Genoese (hereinafter "Manager Genoese"), of his orders and need for a leave of absence for same.

15. Manager Genoese told Plaintiff that while he would submit Plaintiff's request to Defendant's Human Resources he did not think Defendant would have to hold Plaintiff's position while he was on military leave.

16. Thereafter, on or around February 23, 2018, Plaintiff began his military leave.

17. On or around May 29, 2018, Plaintiff returned home from military leave.

18. On or around May 31, 2018, Plaintiff called Manager Genoese to inform him of his return and inquire about returning to work.

19. In response Manager Genoese informed him that Defendant had not approved his military leave and had terminated him while he was on leave.

20. Accordingly, Defendant fired Plaintiff because Plaintiff is a member of the Air Force, because Plaintiff required and took USERRA-protected leave, and/or to prevent Plaintiff from taking further USERRA-protected leave in the future.

## COUNT I
### Violations of the Uniformed Services Employment and Reemployment Rights Act ("USERRA")
**(Interference)**

21. The foregoing paragraphs are incorporated herein as if set forth in full.

22. At all times relevant hereto, Plaintiff was an "employee" as defined by the USERRA.

23. At all times relevant hereto, Defendant was an "employer" as defined by the USERRA.

24. Defendant interfered with Plaintiff's rights under USERRA when it failed to reinstate Plaintiff after he took a USERRA-protected leave.

25. Defendant interfered with Plaintiff's rights under USERRA when it fired Plaintiff to prevent him from taking further USERRA-protected leave in the future.

26. Defendant's conduct in this regard interfered with Plaintiff's rights under USERRA.

27. Defendant understood its obligations under the USERRA and willfully disregarded them when it fired Plaintiff.

28. As result of Defendant's actions as described above, Defendant violated the USERRA causing Plaintiff to suffer damages, including but not limited to past lost earnings and future lost earnings.

## COUNT II
### Violations of the Uniformed Services Employment and Reemployment Rights Act ("USERRA")
(Retaliation)

29. The foregoing paragraphs are incorporated herein as if set forth in full.

30. Under §4312 and §4313 of USERRA, Plaintiff was entitled to reinstatement to his previously held position following his military leave.

31. Defendant fired Plaintiff because: (1) Plaintiff was a member of the Uniformed Services; and/or (2) because Plaintiff required a leave of absence to report to duty to the Air National Guard; and/or (3) because Plaintiff requested a USERRA leave.

32. As a result of Defendant's actions as described above, Defendant violated the USERRA causing Plaintiff to suffer damages.

## COUNT III
### Violations of the New Jersey Law Against Discrimination ("NJLAD")
**(Discrimination Based on Military Status)**

33. The foregoing paragraphs are incorporated herein as if set forth in full.

34. At all times relevant hereto, Plaintiff was an "employee" within the meaning of the NJLAD.

35. At all times relevant hereto, Defendant was an "employer" within the meaning of the NJLAD.

36. Defendant fired Plaintiff because Plaintiff was a member of the Uniformed Services and/or because Plaintiff needed to take a leave from work to serve in the Uniformed Services.

37. Defendant's conduct in this regard constitutes unlawful discrimination under the NJLAD.

38. As a result of Defendant's actions as described above, Defendant violated the NJLAD causing Plaintiff to suffer damages.

## COUNT IV
### Violation of New Jersey Common Law
**(Termination in Violation of Public Policy)**

39. The foregoing paragraphs are incorporated herein as if set forth in full.

40. Defendant violated a clearly mandated public policy when Defendant fired Plaintiff because he was a member of the Uniformed Services, and/or because Plaintiff required a leave of absence to report for duty in the Airforce, and/or because Plaintiff requested a USERRA leave. *Pierce v. Ortho Pharmaceutical Corp.*, 417 A. 2d 505 (N.J. 1980).

41. As a result of Defendant's actions as described above, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.	Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of violating employees' rights under the USERRA and the NJLAD;

B.	Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings and future lost earnings;

C.	Plaintiff is to be awarded liquidated damages for Defendant's willful failure to comply with USERRA;

D.	Plaintiff is to be awarded punitive damages (as permitted by applicable law) in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant and other employers from engaging in such misconduct in the future;

E.	Plaintiff is to be awarded damages for emotional distress and/or pain and suffering (as permitted by applicable law) in an amount to be determined by the Court or trier of fact to be appropriate under the circumstances;

F.	Plaintiff is to be awarded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

G.	Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law.

H.	Plaintiff's claims are to receive a jury trial.

Respectfully submitted,

**SWARTZ SWIDLER, LLC**

*s/ _Matthew Miller*_____
Matthew D. Miller, Esq.

Richard S. Swartz, Esq.
Justin L. Swidler, Esq.
1101 Kings Hwy N, Ste. 402
Cherry Hill, NJ 08034
(856) 685-7420 Phone
(856) 685-7417 Fax

Dated:  July 30, 2018

### DEMAND TO PRESERVE EVIDENCE

Defendant is hereby directed to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.